**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KRISTINE HAMMACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-5714 |
| | ) | |
| THE JELLYVISION LAB INC., | ) | **Jury Trial Requested** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES Plaintiff Kristine Hammack ("Plaintiff" or "Hammack"), by and through her undersigned attorneys and for her complaint against Defendant The Jellyvision Lab Inc. ("Defendant" or "Jellyvision") and states as follows:

**NATURE OF ACTION**

1.     This is an employment discrimination case in which Plaintiff was fired by Defendant because of her sex (in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended) and because of her marital status (in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.*). In a nutshell, in March 2020, when Defendant required all its employees to work from home because of COVID-19, Ms. Hammack mentioned to her supervisor, Mr. Chad Schneider, that she was "***a single mother***" but assured him that she would take precautions to keep her two-year-old toddler out of sight during any Zoom calls. Immediately thereafter, Mr. Schneider began harassing and bullying Ms. Hammack on Zoom call after Zoom call about her being a single mother. Indeed, Mr. Schneider frequently dismissed Ms. Hammack during group Zoom calls and instructed her to "***go be a mom right now!***" It was completely humiliating, especially since

1

Mr. Schneider did it during Zoom calls attended by many of Ms. Hammack's colleagues. Ultimately, Mr. Schneider fired Ms. Hammack because she was "*a single mother*."

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which states that federal courts have primary jurisdiction over actions that arise under the laws of the United States. This Court has supplemental jurisdiction over all state and common law claims pursuant to 28 U.S.C. § 1367, which would include Plaintiff's claim under the Illinois Human Rights Act.

3.      Venue lies in the Northern District of Illinois because Defendant was engaged in business in this District and because the events giving rise to the claims alleged in this Complaint occurred in this District.

## PARTIES

4.      Plaintiff Kristine Hammack is a resident of Chicago, Illinois and was employed by Defendant in the position of Channel Strategist Leader. She worked out of Jellyvision's Chicago campus at 1333 Kingsbury Street, Chicago, Illinois.

5.      Defendant is a foreign corporation incorporated under the laws of the state of Delaware with its headquarters in Chicago, Illinois. It is a computer software company doing business in Illinois, including in Cook County, Illinois.

6.      At all relevant times, Defendant was an "employer" and Plaintiff was an "employee" as defined under Title VII (42 U.S. Code §2000e) and the IHRA (775 ILCS 5/2-101), in that Defendant had fifteen or more employees in Illinois for each working day in each of the 20 or more calendar weeks during the relevant calendar year and were engaged in an industry affecting commerce.

7.     At all relevant times, Plaintiff was qualified to perform her job duties with Defendant and satisfactorily performed her job duties with Defendant.

8.     At all relevant times, Defendant has continuously been and is now an employer in an industry affecting commerce within the meaning of Title VII and employs and employed more than fifteen persons.

9.      From June 2019 until May 4, 2020, Plaintiff was employed by Defendant and was an employee within the meaning of Title VII and the IHRA.

## PROCEDURAL BACKGROUND

10.     On July 21, 2020, Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") alleging sexual and marital status discrimination. True and correct copies of those charges are attached at Exhibit A.

11.     The EEOC and the IDHR issued rights to sue in connection with these charges. Specifically, on September 10, 2020, the IDHR issued Plaintiff a notice of opt out concerning the IDHR's investigative and administrative process and her right to sue Defendant within 95 days of her receipt of such notice. And, on September 17, 2020, the EEOC issued Plaintiff a notice of her right to sue in connection with her EEOC charge, which entitled Plaintiff to institute a civil action within 90 days of the date of receipt of such notice. True and correct copy of those notices are attached at Exhibit B.

12.     Plaintiff timely filed this action. Specifically, Plaintiff filed this lawsuit within 90 days of receiving her right to sue notice from the EEOC and within 95 days of receiving her right to sue notice from the IDHR. Plaintiff therefore has fulfilled all conditions precedent to the institution of her claims under Title VII and the IHRA.

## FACTS

13.     As background, in June 2019, Ms. Hammack began working for Jellyvision as a Channel Strategist Leader at Defendant's Chicago campus at 1333 Kingsbury Street, Chicago, Illinois.

14.     Throughout her entire tenure at Jellyvision, Ms. Hammack's sole supervisor had been Channel Sales Director (later Strategic Alliances VP) Chad Schneider, who also worked out of Defendant's Chicago campus at 1333 Kingsbury Street.

15.     Ms. Hammack had weekly in-person, one-on-one meetings with Mr. Schneider.

16.     Ms. Hammack was never placed on a performance improvement plan.

17.     On March 11, 2020, Jellyvision completely shut down its offices as a result of the COVID-19 outbreak and ordered everyone to work from home.

18.     After March 11, 2020, Jellyvision required that all employees conduct one-on-one meetings and other meetings using Zoom.

19.     On March 24, 2020, Ms. Hammack had her weekly one-on-one meeting with Mr. Schneider.

20.     At the beginning of that March 24, 2020 call, Mr. Schneider made very positive comments about Ms. Hammack's performance.

21.     But, toward the end of the March 24, 2020 call and during a discussion about Jellyvision's requirement that all its employees work from home, Ms. Hammack specifically told Mr. Schneider that "***I am a single mother***," adding that she would take precautions to keep her two-year-old toddler out of sight during any Zoom calls.

22.     After hearing Ms. Hammack say "***I am a single mother***" during the March 24, 2020 call, Mr. Schneider began targeting Ms. Hammack for harassment and bullying because she was a woman (mom) and single (marital status).

23.     After March 24, 2020, Mr. Schneider would routinely demean and degrade Ms. Hammack because she was a single mom.

24.     Mr. Schneider frequently demeaned Ms. Hammack by dismissing her during their one-on-one meetings by disrespectfully saying: "***Go be a mom right now!***"

25.     Mr. Schneider frequently demeaned Ms. Hammack by dismissing her during group Zoom meetings in front of other Jellyvision colleagues by disrespectfully saying: "***Go be a mom right now!***"

26.     Mr. Schneider frequently demeaned Ms. Hammack by dismissing her during many Thursday channel leadership Zoom meetings by disrespectfully saying: "***Go be a mom right now!***"

27.     And Mr. Schneider even demeaned Ms. Hammack by dismissing her during Zoom meetings attended by Jellyvision senior management (SVP Eric Braswell) by disrespectfully saying: "***Go be a mom right now!***"

28.     For several weeks following the March 24, 2020 call, Mr. Schneider continued harassing and bullying Ms. Hammack on Zoom call after Zoom call about her being a single mother.

29.     Roughly a month after the March 24, 2020, Mr. Schneider had had enough of Ms. Hammack and decided to finally get rid of her because she was a single mother.

30.     On Sunday, May 3, 2020, Mr. Schneider sent Ms. Hammack a one-on-one meeting request for 8:00 am the next morning (Monday). Ms. Hammack accepted.

31.     Then, at 8:00 am on Monday, May 4, 2020, Messrs. Schneider and Braswell initiated a Zoom call with Ms. Hammack.

32.     During the May 4, 2020 Zoom call, Mr. Schneider started by saying that he was just going to "rip the Band aid off" and then quickly added: "We're parting ways."

33.     During the May 4, 2020 Zoom call, Mr. Schneider claimed that Ms. Hammack's termination was based on her performance.

34.     But, when Ms. Hammack commented during the May 4, 2020 Zoom call about the lack of any performance improvement plan, Mr. Schneider appeared dumbfounded and remained awkwardly silent for a long time. Mr. Braswell then interjected and concluded the call by telling Ms. Hammack that someone from HR would be reaching out to her.

35.     Mr. Schneider chose to fire Ms. Hammack over at least two other male comparators: Keith Vallera and Jeff Schmitt.

36.     Ms. Hammack and her team were clearly outperforming Jeff Schmitt and his team. Indeed, Mr. Schmitt and his team did not hit their Q1 numbers whereas Ms. Hammack and her team did hit their numbers. The fact that Mr. Schneider chose a married male (Jeff Schmitt) over a better-performing single mother (Ms. Hammack) – claiming the reason was performance – further confirms that Mr. Schneider's constant demeaning and disparaging "***go be a mom!***" statements reflected a concrete discriminatory motive to get rid of Ms. Hammack because she was a single mother.

## COUNT I

### Title VII Discrimination Claim/Sex/Termination

37.     Plaintiff incorporates the previous paragraphs as if fully set forth herein.

38.     Plaintiff is a member of a protected class in that she is female and was discriminated against because of her sex.

39.     At all relevant times, Plaintiff was qualified for her position and was able to perform her job.

40.     Plaintiff suffered an adverse employment action in that she was fired by Defendant on May 4, 2020.

41.     Defendant terminated Plaintiff because of her sex.

42.     Plaintiff was treated by Defendant differently and less favorably than similarly situated male employees because of her sex.

43.     As a result of Defendant's unlawful conduct, Plaintiff was damaged and has suffered the loss of wages and benefits and has suffered humiliation, embarrassment, emotional distress, and other compensatory damages.

44.     Defendant's justifications for its actions are simply pretextual assertions meant to conceal its discriminatory intent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.     Declare, decree, and adjudge that Defendant has violated Title VII;

B.     Grant a preliminary and permanent injunction against Defendant and their officers, agents, and managers from violating Title VII;

C.     Award Plaintiff backpay, front pay, employment benefits, and other compensation that was denied or lost;

D.     Order Defendant to pay Plaintiff compensatory and punitive damages in an amount sufficient to punish Defendant for their past conduct and to deter them from continuing with their unlawful practices;

E.     Award Plaintiff all pre-judgment and post-judgment interest to which she is entitled;

F.     Award Plaintiff reasonable attorneys' fees and costs; and

G.     Award such other and further relief as is just and appropriate.

## COUNT II

**Illinois Human Rights Act Discrimination Claim/Marital Status/Termination**

45.     Plaintiff incorporates the previous paragraphs as if fully set forth herein.

46.     Plaintiff is a member of a protected class in that she is single and not married.

47.     At all relevant times, Plaintiff was qualified for her position and was able to perform her job.

48.     Plaintiff suffered an adverse employment action in that she was fired by Defendant on May 4, 2020.

49.     Defendant terminated Plaintiff because of her marital status.

50.     Plaintiff was treated by Defendant differently and less favorably than similarly situated married employees because of her marital status.

51.     As a result of Defendant's unlawful conduct, Plaintiff was damaged and has suffered the loss of wages and benefits and has suffered humiliation, embarrassment, emotional distress, and other compensatory damages.

52. Defendant's justifications for its actions are simply pretextual assertions meant to conceal its discriminatory intent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Declare, decree, and adjudge that Defendant has violated the Illinois Human Rights Act;

B. Grant a preliminary and permanent injunction against Defendant and their officers, agents, and managers from violating the Illinois Human Rights Act;

C. Award the Plaintiff backpay, front pay, employment benefits, and other compensation that was denied or lost;

D. Award Plaintiff all pre-judgment and post-judgment interest to which she is entitled;

E. Award Plaintiff reasonable attorneys' fees and costs; and

F. Award such other and further relief as is just and appropriate.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein.

Respectfully submitted,
KRISTINE HAMMACK

By: */s/ Michael A. Faccenda*
    One of Her Attorneys

Michael A. Faccenda
901 West Hillgrove Avenue
La Grange, IL 60525
Phone: 708-497-3077
Email: maf@faccendalawgroup.com
ARDC No. 6239317

By: /s/ Christopher P. Connors
    One of Her Attorneys
Christopher P. Connors
901 West Hillgrove Avenue
La Grange, IL 60525
Phone: 312-994-2411
Email: cpc@faccendalawgroup.com
ARDC No. 6269559

# Exhibit A

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF              )
                                       )
Kristine Hammack             )
                                       )
COMPLAINANT            )
                                       )
AND                    )     CHARGE NO.:
                                       )
The Jellyvision Lab Inc.    )
RESPONDENT            )
                                       )

## A P P E A R A N C E

Michael Faccenda and Christopher Connors       , hereby enter the
(Name of law firm/attorney/non-attorney representative)

appearance of  Kristine Hammack
                     (Name of Complainant or Respondent)

and our Appearance as their attorney (or non-attorney representative), and request that copies of all Pleadings, Orders, and other documents be served upon the undersigned for said Party in lieu service upon the Party.

Michael Faccenda/Christopher Connors
PRINT name of attorney/non-attorney representative

Michael Faccenda/Christopher Connors
Firm Name

901 West Hillgrove Avenue
Address

La Grange        IL      60525
City               State    ZIP Code

708-497-3077
Telephone Number

312-578-1206
Fax Number

DATED: July 21, 2020         By:
                                            Signature

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy Act Statement before completing this form. | ☒ IDHR | |
| # | ☒ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINT (indicate Mr. Ms. Mrs.)<br><br>Kristine Hammack | TELEPHONE NUMBER (include area code)<br><br>312-550-2801 | |
|---|---|---|

| STREET ADDRESS<br><br>1832 W Irving Park Rd. #301 | CITY, STATE, ZIP CODE<br><br>Chicago, IL 60613 (County: Cook, IL) | DATE OF BIRTH<br><br>4-8-1978 |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)

| NAME OF RESPONDENT<br><br>The Jellyvision Lab Inc. | NUMBER OF EMPLOYEES, MEMBERS +15<br><br>Over 15 | TELEPHONE NUMBER (include area code)<br><br>312-266-0606 |
|---|---|---|

| STREET ADDRESS<br><br>848 West Eastman Street, Suite 104 | CITY, STATE, ZIP CODE<br><br>Chicago, Illinois 60642 | COUNTY<br><br>Cook, Illinois |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON:<br><br>Sex, Marital Status | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL)<br><br>May 4, 2020 (termination) - see also attached<br><br>☐ CONTINUING ACTION |
|---|---|

S E E   A T T A C H E D

Page 1 of 2

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME<br><br>THIS 22nd DAY OF 22 July, 2020.<br><br>_[signature]_<br>NOTARY SIGNATURE |
|---|---|
| **DEVLIN KANE**<br>Official Seal<br>Notary Public - State of Illinois<br>My Commission Expires Jul 11, 2022<br><br>NOTARY STAMP | X _[signature]_          7-22-2020<br>SIGNATURE OF COMPLAINANT          DATE<br><br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that is is true to the best of my knowledge, information and belief |

EEO-5 FORM (Rev. 05/14-INT)

**STATE OF ILLINOIS**
**ILLINOIS DEPARTMENT OF HUMAN RIGHTS**

| | |
|---|---|
| <u>**CHICAGO OFFICE**</u> | <u>**SPRINGFIELD OFFICE**</u> |
| **DEPARTMENT OF HUMAN RIGHTS** | **DEPARTMENT OF HUMAN RIGHTS** |
| **100 W RANDOLPH ST., SUITE 10-100** | **222 S. COLLEGE ST., ROOM 101** |
| **CHICAGO, ILLINOIS 60601** | **SPRINGFIELD, ILLINOIS, 62704** |
| **(312) 814-6200** | **(217) 785-5100** |
| **(866) 740-3953 (TTY)** | **(866) 740-3953 (TTY)** |

**CHARGE NO:** _____

<u>**CHARGE OF DISCRMINIATION**</u>

<u>**COMPLAINANT**</u>

Kristine Hammack
604 South 10th Avenue
La Grange, Illinois 60525
Phone: 773-415-7225

**I believe that I have been personally aggrieved by a civil rights violation committed on**

**(date/s of harm):** <u>May 4, 2020 (termination)</u> **, by:**

<u>**RESPONDENT**</u>

The Jellyvision Lab Inc.Choozle, Inc.
848 West Eastman Street, Suite 104
Chicago, Illinois 60642
(Phone: 312-266-0606)

<u>**S E E   A T T A C H E D**</u>

I, <u>**Kristine Hammack**</u> on oath or affirmation state that I am Complainant herein,
that I have read the foregoing charge and know the contents thereof, and that the same is true and
correct to the best of my knowledge.

_[signature]_  7-22-2020
**Complainant's Signature and Date**

**Subscribed and Sworn to**

**Before me this** 22ⁿᵈ **day**

**of** July **,** 2020 **.**

_[signature]_
**Notary Public Signature**

DEVLIN KANE
Official Seal
Notary Public - State of Illinois
My Commission Expires Jul 11, 2022

_____
**Notary Stamp**

IDHR Form #6
Rev. 05/15

ATTACHMENT

I.    A.    ISSUE/BASIS

Discharge – May 4, 2020, because of my sex (female) and my marital status (single).

      B.    PRIMA FACIE ALLEGATIONS

            1.    My gender is female, and my marital status is single.

            2.    I was discharged on May 4, 2020. The reason given by my employer, The Jellyvision Lab Inc. (hereinafter, "Jellyvision"), for my termination was that it was that it was not working out / performance-related. I was told of my termination and the Respondent's supposed rationale for it by Jellyvision Strategic Alliances VP Chad Schneider and Jellyvision SVP Eric Braswell during a Zoom call I had with them on May 4, 2020.

            3.    I began my employment with Respondent in June 2019 as a Channel Strategist Leader. I worked out of Jellyvision's Chicago campus at 1333 Kingsbury Street, Chicago, Illinois. I was qualified for my position at Jellyvision and was performing satisfactorily in my position before and at the time of my termination.

            4.    On March 11, 2020, Jellyvision completely shut down its offices as a result of the COVID-19 outbreak and ordered everyone to work from home. After this time, Jellyvision required that all employees conduct one-on-one meetings and other meetings using Zoom.

            5.    On March 24, 2020, I had my weekly one-on-one meeting with my supervisor Mr. Schneider. At the beginning of the call, Mr. Schneider made very positive comments about my performance. But, toward the end of the call and during a discussion about Jellyvision's requirement that all its employees work from home, I specifically told Mr. Schneider that "*I am a single mother*" and added that I would take precautions to keep my two-year-old toddler out of sight during any Zoom calls.

            6.    Immediately after hearing this, Mr. Schneider targeted me for harassment and bullying because I was a woman (mom) and single (marital status). Mr. Schneider routinely demeaned and degraded me, mostly during my one-on-one meetings with him. Mr. Schneider even harassed and demeaned me during Zoom meetings in front of other Jellyvision colleagues. Mr. Schneider frequently demeaned me by dismissing me during Zoom calls by

disrespectfully saying: *"Go be a mom right now!"* multiple times. Mr. Schneider said this frequently during their one-on-one meetings, during many Thursday channel leadership Zoom meetings, and shockingly during Zoom meetings attended by Jellyvision SVP Eric Braswell. This ongoing demeaning and disparaging misconduct continued for several weeks.

7.     After five weeks of harassing and bullying by Mr. Schneider on Zoom call after Zoom call about me being a single woman and mother, Mr. Schneider decided to finally get rid of me. Accordingly, on Sunday, May 3, 2020, Mr. Schneider sent me a one-on-one meeting request for 8:00 am the next morning (Monday). I accepted. Then, at 8:00 am on Monday, May 4, 2020, Messrs. Schneider and Braswell initiated a Zoom call with me. Mr. Schneider started by saying that he was just going to "rip the Band aid off" and then added: "We're parting ways." Mr. Schneider claimed that it was based on my performance / that it just was not working out. But, when I commented about the lack of any performance improvement plan, Mr. Schneider appeared dumbfounded and remained awkwardly silent for a long time. Mr. Braswell interjected and concluded the call by telling me that someone from HR would be reaching out to me.

8.     Mr. Schneider chose to fire me over two other male comparators: Keith Vallera and Jeff Schmitt. For example, I and my team were clearly outperforming Jeff Schmitt and his team. Indeed, Mr. Schmitt and his team did not hit their Q1 numbers whereas I and my team did hit our numbers. The fact that Mr. Schneider chose a married male (Jeff Schmitt) over a better-performing single woman (me) – claiming the reason was performance – further confirms that Mr. Schneider's constant demeaning and disparaging *"go be a mom!"* statements reflected a concrete discriminatory motive to get rid of me because I was a women and single mother.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☑ EEOC | |

| Illinois Department of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Kristine Hammack | 312-550-2801 | 4-8-1978 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1832 W Irving Park Rd. #301, Chicago, IL 60613 (County: Cook, IL) | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| The Jellyvision Lab Inc. | Over 15 | 312-266-0606 |

| Street Address | City, State and ZIP Code |
|---|---|
| 848 West Eastman Street, Suite 104 Chicago, Illinois 60642 (County: Cook, IL) | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☑ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☑ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest            Latest

May 4, 2020 (termination) - see also attached

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I file a charge with the Illinois Department of Human Rights. Below are the allegations I made in connection with that charge, which allegations are hereby incorporated into this section and my EEOC charge. See attached IDHR charge (with attachment).

\*   \*   \*

"I. A. ISSUE/BASIS

Discharge – May 4, 2020, because of my sex (female) and my marital status (single).

B. PRIMA FACIE ALLEGATIONS

1. My gender is female, and my marital status is single.

2. I was discharged on May 4, 2020. The reason given by my employer, The Jellyvision Lab Inc. (hereinafter, "Jellyvision"), for my termination was that it was that it was not working out / performance-related. I was told of my termination and the Respondent's supposed rationale for it by Jellyvision Strategic Alliances VP Chad Schneider and Jellyvision SVP Eric Braswell during a Zoom call I had with them on May 4, 2020.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 7-21-2020  Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☑ EEOC | |

| Illinois Department of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

3. I began my employment with Respondent in June 2019 as a Channel Strategist Leader. I worked out of Jellyvision's Chicago campus at 1333 Kingsbury Street, Chicago, Illinois. I was qualified for my position at Jellyvision and was performing satisfactorily in my position before and at the time of my termination.

4. On March 11, 2020, Jellyvision completely shut down its offices as a result of the COVID-19 outbreak and ordered everyone to work from home. After this time, Jellyvision required that all employees conduct one-on-one meetings and other meetings using Zoom.

5. On March 24, 2020, I had my weekly one-on-one meeting with my supervisor Mr. Schneider. At the beginning of the call, Mr. Schneider made very positive comments about my performance. But, toward the end of the call and during a discussion about Jellyvision's requirement that all its employees work from home, I specifically told Mr. Schneider that "I am a single mother" and added that I would take precautions to keep my two-year-old toddler out of sight during any Zoom calls.

6. Immediately after hearing this, Mr. Schneider targeted me for harassment and bullying because I was a woman (mom) and single (marital status). Mr. Schneider routinely demeaned and degraded me, mostly during my one-on-one meetings with him. Mr. Schneider even harassed and demeaned me during Zoom meetings in front of other Jellyvision colleagues. Mr. Schneider frequently demeaned me by dismissing me during Zoom calls by disrespectfully saying: "Go be a mom right now!" multiple times. Mr. Schneider said this frequently during their one-on-one meetings, during many Thursday channel leadership Zoom meetings, and shockingly during Zoom meetings attended by Jellyvision SVP Eric Braswell. This ongoing demeaning and disparaging misconduct continued for several weeks.

7. After five weeks of harassing and bullying by Mr. Schneider on Zoom call after Zoom call about me being a single woman and mother, Mr. Schneider decided to finally get rid of me. Accordingly, on Sunday, May 3, 2020, Mr. Schneider sent me a one-on-one meeting request for 8:00 am the next morning (Monday). I accepted. Then, at 8:00 am on Monday, May 4, 2020, Messrs. Schneider and Braswell initiated a Zoom call with me. Mr. Schneider started by saying that he was just going to "rip the Band aid off" and then added: "We're parting ways." Mr. Schneider claimed that it was based on my performance / that it just was not working out. But, when I commented about the lack of any performance improvement plan, Mr. Schneider appeared dumbfounded and remained awkwardly silent for a long time. Mr. Braswell interjected and concluded the call by telling me that someone from HR would be reaching out to me.

8. Mr. Schneider chose to fire me over two other male comparators: Keith Vallera and Jeff Schmitt. For example, I and my team were clearly outperforming Jeff Schmitt and his team. Indeed, Mr. Schmitt and his team did not hit their Q1 numbers whereas I and my team did hit our numbers. The fact that Mr. Schneider chose a married male (Jeff Schmitt) over a better-performing single woman (me) – claiming the reason was performance – further confirms that Mr. Schneider's constant demeaning and disparaging "go be a mom!" statements reflected a concrete discriminatory motive to get rid of me because I was a women and single mother."

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 7-21-2020 _____ Date          _____ *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

ATTACHED

IDHR CHARGE

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

| | |
|---|---|
| IN THE MATTER OF | ) |
| | ) |
| Kristine Hammack | ) |
| COMPLAINANT | ) |
| | ) |
| AND | ) CHARGE NO.: |
| | ) |
| The Jellyvision Lab Inc. | ) |
| RESPONDENT | ) |
| | ) |

**A P P E A R A N C E**

Michael Faccenda and Christopher Connors _____ , hereby enter the
(Name of law firm/attorney/non-attorney representative)

appearance of  Kristine Hammack _____
                    (Name of Complainant or Respondent)

and our Appearance as their attorney (or non-attorney representative), and request that copies of

all Pleadings, Orders, and other documents be served upon the undersigned for said Party in lieu

service upon the Party.

Michael Faccenda/Christopher Connors
PRINT name of attorney/non-attorney representative

Michael Faccenda/Christopher Connors
Firm Name

901 West Hillgrove Avenue
Address

| La Grange | IL | 60525 |
|---|---|---|
| City | State | ZIP Code |

708-497-3077
Telephone Number

312-578-1206
Fax Number

DATED:  July 21, 2020 _____

By: _____
                    Signature

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy Act Statement before completing this form. | ☒ IDHR | |
| # | ☒ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINT (indicate Mr. Ms. Mrs.) | | TELEPHONE NUMBER (include area code) | |
|---|---|---|---|
| Kristine Hammack | | 312-550-2801 | |
| **STREET ADDRESS** | **CITY, STATE, ZIP CODE** | | **DATE OF BIRTH** |
| 1832 W Irving Park Rd. #301 | Chicago, IL 60613 (County: Cook, IL) | | 4-8-1978 |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)**

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS +15 | TELEPHONE NUMBER (include area code) | |
|---|---|---|---|
| The Jellyvision Lab Inc. | Over 15 | 312-266-0606 | |
| **STREET ADDRESS** | **CITY, STATE, ZIP CODE** | | **COUNTY** |
| 848 West Eastman Street, Suite 104 | Chicago, Illinois 60642 | | Cook, Illinois |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| Sex, Marital Status | May 4, 2020 (termination) - see also attached |
| | ☐ CONTINUING ACTION |

### S E E   A T T A C H E D

Page 1 of 2

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME THIS 22nd DAY OF ~~22~~ July, 2020. |
|---|---|
| | NOTARY SIGNATURE |

DEVLIN KANE
Official Seal
Notary Public - State of Illinois
My Commission Expires Jul 11, 2022

NOTARY STAMP

X _____  7-22-2020
SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that is is true to the best of my knowledge, information and belief

EEO-5 FORM (Rev. 05/14-INT)

**STATE OF ILLINOIS**
**ILLINOIS DEPARTMENT OF HUMAN RIGHTS**

**CHICAGO OFFICE**
**DEPARTMENT OF HUMAN RIGHTS**
**100 W RANDOLPH ST., SUITE 10-100**
**CHICAGO, ILLINOIS 60601**
**(312) 814-6200**
**(866) 740-3953 (TTY)**

**SPRINGFIELD OFFICE**
**DEPARTMENT OF HUMAN RIGHTS**
**222 S. COLLEGE ST., ROOM 101**
**SPRINGFIELD, ILLINOIS, 62704**
**(217) 785-5100**
**(866) 740-3953 (TTY)**

**CHARGE NO:** _____

**CHARGE OF DISCRMINIATION**

**COMPLAINANT**

Kristine Hammack
604 South 10th Avenue
La Grange, Illinois 60525
Phone: 773-415-7225

**I believe that I have been personally aggrieved by a civil rights violation committed on**

**(date/s of harm):** May 4, 2020 (termination) _____ **, by:**

**RESPONDENT**

The Jellyvision Lab Inc.Choozle, Inc.
848 West Eastman Street, Suite 104
Chicago, Illinois 60642
(Phone: 312-266-0606)

**S E E   A T T A C H E D**

I, **Kristine Hammack** _____ **on oath or affirmation state that I am Complainant herein,**
**that I have read the foregoing charge and know the contents thereof, and that the same is true and**
**correct to the best of my knowledge.**

7-22-2020

**Complainant's Signature and Date**

Subscribed and Sworn to

Before me this 22ⁿᵈ day

of  July _____, 2020.

_____
**Notary Public Signature**

DEVLIN KANE
Official Seal
Notary Public - State of Illinois
My Commission Expires Jul 11, 2022

_____
**Notary Stamp**

IDHR Form #6
Rev. 05/15

ATTACHMENT

I.   A.   ISSUE/BASIS

Discharge – May 4, 2020, because of my sex (female) and my marital status (single).

     B.   PRIMA FACIE ALLEGATIONS

1.   My gender is female, and my marital status is single.

2.   I was discharged on May 4, 2020. The reason given by my employer, The Jellyvision Lab Inc. (hereinafter, "Jellyvision"), for my termination was that it was that it was not working out / performance-related. I was told of my termination and the Respondent's supposed rationale for it by Jellyvision Strategic Alliances VP Chad Schneider and Jellyvision SVP Eric Braswell during a Zoom call I had with them on May 4, 2020.

3.   I began my employment with Respondent in June 2019 as a Channel Strategist Leader. I worked out of Jellyvision's Chicago campus at 1333 Kingsbury Street, Chicago, Illinois. I was qualified for my position at Jellyvision and was performing satisfactorily in my position before and at the time of my termination.

4.   On March 11, 2020, Jellyvision completely shut down its offices as a result of the COVID-19 outbreak and ordered everyone to work from home. After this time, Jellyvision required that all employees conduct one-on-one meetings and other meetings using Zoom.

5.   On March 24, 2020, I had my weekly one-on-one meeting with my supervisor Mr. Schneider. At the beginning of the call, Mr. Schneider made very positive comments about my performance. But, toward the end of the call and during a discussion about Jellyvision's requirement that all its employees work from home, I specifically told Mr. Schneider that "*I am a single mother*" and added that I would take precautions to keep my two-year-old toddler out of sight during any Zoom calls.

6.   Immediately after hearing this, Mr. Schneider targeted me for harassment and bullying because I was a woman (mom) and single (marital status). Mr. Schneider routinely demeaned and degraded me, mostly during my one-on-one meetings with him. Mr. Schneider even harassed and demeaned me during Zoom meetings in front of other Jellyvision colleagues. Mr. Schneider frequently demeaned me by dismissing me during Zoom calls by

disrespectfully saying: *"Go be a mom right now!"* multiple times. Mr. Schneider said this frequently during their one-on-one meetings, during many Thursday channel leadership Zoom meetings, and shockingly during Zoom meetings attended by Jellyvision SVP Eric Braswell. This ongoing demeaning and disparaging misconduct continued for several weeks.

7.  After five weeks of harassing and bullying by Mr. Schneider on Zoom call after Zoom call about me being a single woman and mother, Mr. Schneider decided to finally get rid of me. Accordingly, on Sunday, May 3, 2020, Mr. Schneider sent me a one-on-one meeting request for 8:00 am the next morning (Monday). I accepted. Then, at 8:00 am on Monday, May 4, 2020, Messrs. Schneider and Braswell initiated a Zoom call with me. Mr. Schneider started by saying that he was just going to "rip the Band aid off" and then added: "We're parting ways." Mr. Schneider claimed that it was based on my performance / that it just was not working out. But, when I commented about the lack of any performance improvement plan, Mr. Schneider appeared dumbfounded and remained awkwardly silent for a long time. Mr. Braswell interjected and concluded the call by telling me that someone from HR would be reaching out to me.

8.  Mr. Schneider chose to fire me over two other male comparators: Keith Vallera and Jeff Schmitt. For example, I and my team were clearly outperforming Jeff Schmitt and his team. Indeed, Mr. Schmitt and his team did not hit their Q1 numbers whereas I and my team did hit our numbers. The fact that Mr. Schneider chose a married male (Jeff Schmitt) over a better-performing single woman (me) – claiming the reason was performance – further confirms that Mr. Schneider's constant demeaning and disparaging *"go be a mom!"* statements reflected a concrete discriminatory motive to get rid of me because I was a women and single mother.

# Exhibit B

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**

**IN THE MATTER OF:**

KRISTINE HAMMACK,

                 COMPLAINANT,

AND

THE JELLYVISION LAB, INC.,

          RESPONDENT.

)
)
)
)
)
)
)
)
)
)
)
)
)

CHARGE NO.    2021CF0063
EEOC NO.      21BA01625

**NOTICE OF OPT OUT OF THE INVESTIGATIVE AND ADMINISTRATIVE PROCESS,**
**RIGHT TO COMMENCE AN ACTION IN CIRCUIT COURT OR OTHER APPROPRIATE**
**COURT OF COMPETENT JURISDICTION, AND ORDER OF ADMINISTRATIVE CLOSURE**

For Complainant

Christopher Connors
901 W. Hillgrove Avenue
LaGrange, IL 60525

For Respondent

Chief Executive Officer
The Jellyvision Lab, Inc.
848 W. Eastman Street
Suite 104
Chicago, IL 60642

**Date Perfected Charge Filed:** Jul 21, 2020     **Date Opt Out Request Filed:** Aug 27, 2020

YOU ARE HEREBY NOTIFIED that pursuant to Section 7A-102(C-1) of the Illinois Human Rights Act (775 ILCS 5/7A-102(C-1)), Complainant having filed a written request to opt out of the Illinois Department of Human Rights' investigation and administrative processing of the above-captioned charge, the IDHR issues this Notice of Opt Out of the Investigative and Administrative Process, and the Right of Complainant to Commence an Action in the Circuit Court or other appropriate court of competent jurisdiction within 95 days from the date of this Notice and Order, as identified above.

- Complaint filed and serve a copy of the complaint to the Department and Respondent on the same date that the complaint is filed with the circuit court or other appropriate court of competent jurisdiction.
- Complainant may not file or refile a substantially similar charge with the Department arising from the same incident of unlawful discrimination or harassment.

NOW, THEREFORE, it is further hereby ORDERED that the Department cease the investigation and administratively close the charge of civil rights violation(s).

ENTERED ON  September 10, 2020

DEPARTMENT OF HUMAN RIGHTS

BY:_____

Brent A. Harzman, Manager
Charge Processing Division

Notice of Opt Out. Right & Order Adm.
Closure D/P 01/01/2020

STATE OF ILLINOIS ) 
                      ) **ss**

COUNTY OF COOK )                                 **CHARGE NO. 2021CF0063**

## AFFIDAVIT OF SERVICE

Monica Vargas , deposes and states that s/he served a copy of the attached **NOTICE OF OPT OUT OF THE INVESTIGATIVE AND ADMINISTRATIVE PROCESS, RIGHT TO COMMENCE AN ACTION IN CIRCUIT COURT OR OTHER APPROPRIATE COURT OF COMPETENT JURISDICTION, AND ORDER OF ADMINISTRATIVE CLOSURE** on each person named below by depositing the same on September 10, 2020 , in the U.S. Mail Box at 100 West Randolph Street, Chicago, Illinois, properly posted for FIRST CLASS MAIL, addresses as follows:

For Complainant

Christopher Connors
901 W. Hillgrove Avenue
LaGrange, IL 60525

For Respondent

Chief Executive Officer
The Jellyvision Lab, Inc.
848 W. Eastman Street
Suite 104
Chicago, IL 60642

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

_____
Monica Vargas

**PLEASE NOTE:**

The above-signed person is responsible only for <u>mailing</u> these documents. Illinois Department of Human Rights' staff are not permitted to discuss the investigation findings once a Notice of Dismissal or Order of Closure has been issued.

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Kristine Hammack**                          From:  **Chicago District Office**

   **c/o Christopher Connors, Esq.**                **230 S. Dearborn**
   **Attorney at Law**                              **Suite 1866**
   **901 W. Hillgrove Avenue**                      **Chicago, IL 60604**
   **LaGrange, IL  60525**

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21B-2020-01625** | **Daniel Lim,**<br>**State & Local Coordinator** | **(312) 872-9669** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

|  | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|  | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|  | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|  | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
|  | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
|  | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| **X** | Other *(briefly state)*        **Opted out to commence suit in court** |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman / jwa*                                **9/17/20**

Enclosures(s)

**Julianne Bowman,**                                *(Date Mailed)*
**District Director**

cc:

   **THE JELLYVISION LAB INC**
   **c/o Chief Executive Officer**
   **848 W Eastman St #104**
   **Chicago, IL 60642**



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Chicago District Office

JCK Federal Building
230 S. Dearborn
Suite 1866 (Enforcement, State and Local & Hearings)
Suite 2920 (Legal & ADR)
Chicago, IL 60604
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Chicago Direct Dial: (312) 872-9777
Administration Fax: (312) 588-1255
Enforcement/File Disclosure Fax: (312) 588-1260
Federal Sector Fax: (312) 588-1265
Intake FAX: (312) 588-1286
Legal Fax: (312) 588-1494
Mediation Fax: (312) 588-1498
Website: www.eeoc.gov

Kristina Hammack
c/o Christopher P. Connors, Esq.
901 W. Hillgrove Ave.
LaGrange, IL 60525

Re:     **Charging Party:        Kristina Hammack**
        **Respondent:            The Jellyvision Lab Inc.**
        **EEOC Charge Number: 440-2020-05895**

Dear Ms. Hammack:

It has come to our attentions that charge number **440-2020-05895** is a duplicate of charge number **21B-2020-01625**. Therefore, charge number **440-2020-05895** has been administratively closed.

Sincerely,

*Julianne Bowman/msd*

9/15/2020
Date

Julianne Bowman
District Director

cc:  The Jellyvision Lab Inc.
     c/o Amanda Lannert
     Chief Executive Officer
     848 W. Eastman Street, Suite 104
     Chicago, IL 60606